**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **SOUTHERN PIONEER PROPERTY AND CASUALTY INSURANCE COMPANY** | | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO.** | **2:16-cv-02779** |
| **LEGEND AUTO SALES, LLC, FEMI FOLORUNSHO, and LIBERTY MUTUAL GENERAL INSURANCE COMPANY** | | **DEFENDANTS** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**COMES NOW**, the Plaintiff, Southern Pioneer Property and Casualty Insurance Company (hereinafter "Southern Pioneer"), by and through counsel, and files its complaint for declaratory judgment concerning the rights and duties of the parties pertaining to a contract of insurance issued to Legend Auto Sales, LLC and would show unto the Court as follows:

**PARTIES**

1. Southern Pioneer is an insurance company authorized to do business in Tennessee, is incorporated in Arkansas and has its principal place of business in Arkansas.

2. Defendant Legend Auto Sales, LLC ("Legend") is a Tennessee limited liability company having its principal place of business at 3251 Jackson Ave., Memphis, TN. Legend was administratively dissolved effective August 6, 2016. Legend's last known registered agent for process was identified as The Legend, located at 3251 Jackson Ave., Memphis, TN. Dr. Femi Folorunsho is the President/Managing Member of Legend.

3. Defendant Dr. Femi Folorunsho is an individual, a citizen of the State of Tennessee, whose place of residence is in Shelby County, TN. Dr. Folorunsho may be served with

1

        process wherever he may be found.

4.     Defendant Liberty Mutual General Insurance Company ("Liberty Mutual") is an insurance company organized and existing under the laws of the State of Illinois, and having its principal place of business at 175 Berkeley Street, Boston, MA 02116.  Liberty Mutual may be served with process through the Tennessee Department of Commerce and Insurance.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a) as this action is between citizens of different States and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

6.     Venue is proper in the Western Division of the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1391(a) and ( c), as well as the Local Rules for the Western District, LR 3.3(a) and LR 3.3(b)(2).

7.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining questions of actual controversy between the parties as will hereinafter more fully appear.  This is a real, substantial, and justiciable controversy between the parties concerning the contractual relationship of the parties with respect to certain contracts of insurance.

## FACTUAL ALLEGATIONS

8.     Southern Pioneer issued Legend Auto Sales, LLC a Garage Policy, bearing policy number CP00004138 (hereinafter "Policy") a certified copy of which is attached hereto as Exhibit "A".

9. The Policy was effective from October 3, 2015 through October 3, 2016, at 12:01 a.m., and any coverage provided therein was subject to all terms, conditions and exclusions stated in the policy and all attendant endorsements.

10. The named insured, Legend Auto Sales, LLC, and any other person who may qualify as an "insured" under the policy, including Dr. Femi Folorunsho, are charged with knowledge of said policy terms, conditions and exclusions and are bound by the same.

11. Upon information and belief, Legend Auto Sales, LLC is in the business of buying, selling, and/or leasing automobiles.

12. Upon information and belief, Dr. Femi Folorunsho is the President and Managing Member of Legend Auto Sales, LLC.

13. On or about December 13, 2014, Legend came into ownership of a 2004 Ford Mustang, VIN No. 1FAFP44614F177466 (the "Vehicle").

14. On or about August 6, 2015, Legend leased the Vehicle to Everick Morris pursuant to a lease-purchase contract.

15. Mr. Morris took possession of the Vehicle on or about August 6, 2015.

16. On or about November 15, 2015, Legend repossessed the Vehicle.

17. Legend claims that upon repossession of the Vehicle from Mr. Morris that it discovered new damage to the Vehicle that occurred while Mr. Morris was in possession of the Vehicle.

18. Upon information and belief, at all times relevant to his possession of the Vehicle Mr. Morris was insured by Liberty Mutual under an automobile policy of insurance, number AOS-258-227001-40-5-1, having a policy period from February 11, 2015 through

February 11, 2016.

19. Upon information and belief, on or about February 11, 2016, Dr. Folorunsho caused a Complaint to be filed on behalf of Legend against Liberty Mutual Insurance Company in General Sessions Court for Shelby County, Tennessee.

20. The Complaint alleged that Liberty Mutual Insurance Company denied a claim made by Legend for insurance benefits in bad faith, entitling Legend to damages.

21. Upon information and belief, Legend based its entitlement to policy proceeds from Liberty Mutual on its position that it was a "loss payee" on the policy issued by Liberty by virtue of an endorsement dated August 13, 2015.

22. Upon information and belief, the claim Legend made was for damages to the Vehicle which allegedly occurred during the time Mr. Morris had possession of the Vehicle from approximately August 6, 2015 through November 15, 2015.

23. A trial was set on the General Sessions Complaint, and judgment was rendered in favor of Legend.

24. Liberty Mutual Insurance Company appealed the General Sessions judgment to the Circuit Court for Shelby County, Tennessee.

25. In the Circuit Court appeal, Liberty Mutual Insurance Company sought leave to substitute Liberty Mutual General Insurance Company, the insurer for Mr. Morris as the proper party, and such leave was granted.

26. In the Circuit Court appeal, Liberty Mutual General Insurance Company filed a Counterclaim against Legend Auto Sales and Dr. Folorunsho. A copy of the Counterclaim is attached here as Exhibit "B".

27. The Counterclaim makes the following factual allegations[1]:

**COUNTERCLAIM AGAINST LEGEND AUTO SALES, LLC, AND DR. FEMI FOLORUNSHO**

…

**FACTUAL ALLEGATIONS**

7. Liberty Mutual incorporates the preceding Paragraphs as if fully set forth herein.

8. Upon information and belief, Legend Auto is in the business of buying, leasing and selling automobiles.

9. Upon information and belief, Dr. Folorunsho is the owner of Legend Auto.

10. Upon information and belief, Legend Auto came to own a 2004 Ford Mustang, VIN No. 1FAFP44614F177466 (the "Vehicle"), on or about December 13, 2014.

11. Upon information and belief, on or about August 6, 2015, Legend Auto leased the Vehicle to Everick Morris ("Mr. Morris") pursuant to a lease-purchase contract (the "Lease"). A true and correct copy of the Lease is attached hereto as **Exhibit 1**.

12. Upon information and belief, Mr. Morris took possession of the Vehicle on or about August 6, 2015, pursuant to the Lease, but soon thereafter offered to return the Vehicle to Legend Auto.

13. Upon information and belief, Legend Auto repossessed the Vehicle on or about November 15, 2015.

14. Legend Auto claims that upon repossessing the Vehicle it discovered new damage to the Vehicle that occurred while Mr. Morris was in possession of the Vehicle.

15. Mr. Morris was insured by Liberty Mutual under and automobile insurance policy, policy number AOS-258/-227001-40-5-1, with a policy period of 2/11/2015 – 2/11/2016 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit 2**.

16. Upon information and belief, Dr. Folorunsho is the authorized agent of Legend Auto.

17. Upon information and belief, Dr. Folorunsho caused the Complaint to be filed in Legend Auto's behalf on February 11, 2016. A copy of the Complaint is attached hereto as **Exhibit 3**.

18. The Complaint alleges that Liberty Mutual denied a claim made by Legend Auto in bad faith pursuant to T.C.A. § 56-7-105 (the "Claim").

19. Legend Auto supports the Claim by alleging that it was named as a "loss payee" on the Policy pursuant to an amendment to the policy dated August 13, 2015 (the "Endorsement"). A copy of the Endorsement is attached hereto as **Exhibit 4**.

20. The Claim asserted by Legend Auto was for damages allegedly sustained to the Vehicle while it was in the possession of Mr. Morris, at some point after August 6, 2015 and before November 15, 2015.

21. Prior to the Legend Auto Trial, Dr. Folorunsho sent pictures of the damages he alleged to have occurred to the Vehicle (the "Photographs") to counsel for Liberty Mutual by electronic mail on Wednesday, May 11, 2016. A copy of the email correspondence and the attached Photographs are attached hereto as **Exhibit 5**.

22. Dr. Folorunsho testified under oath at the Legend Trial in the General Sessions Court. The transcript of Dr. Folorunsho's testimony at the Legend Auto Trial (hereinafter "Folorunsho Transcript") is attached hereto as **Exhibit 6**.

23. Dr. Folorunsho testified that the Photographs show damage to the Vehicle that occurred at some point after August 6, 2015 and before November 15, 2015, when Mr. Morris had possession

---

[1] For a complete recitation of the allegations, please see Counterclaim with its attached exhibits, attached hereto as Exhibit "B".

of the Vehicle. *See* Folorunsho Transcript p. 15, ¶¶ 21-22 ("The damage happened when [Mr. Morris] was in possession of the car.")

24. The Photographs were in fact taken prior to August 6, 2015, and prior to the time that Mr. Morris took possession of the Vehicle.

25. In fact, the damage shown to the Vehicle in the Photographs had been used to support an earlier claim for damages to the Vehicle which occurred in 2014. See documents related to Co-Parts information for Lot No. 14735805, VIN No. 1FAFP44614F177466 attached hereto as **Exhibit 7**.

26. As is made clear in Exhibit 7, the damage shown to the Vehicle in the Photographs (Exhibit 5) occurred before Mr. Morris entered into the Lease and before Legend Auto was allegedly listed as a loss payee on the Policy.

27. As a consequence, Dr. Folorunsho, Legend Auto's representative, intentionally made material and false representations regarding the subject matter and timing of the Photographs, both to Liberty Mutual and to the General Sessions Court, that directly and adversely affected Liberty Mutual and the outcome of the Legend Auto Trial.

**CAUSES OF ACTION**
**Count I – Intentional Misrepresentations – Legend Auto Sales, LLC, and Dr. Femi Folorunsho**

28. Liberty Mutual incorporates the preceding Paragraphs as if fully set forth herein.

29. Prior to the Legend Auto Trial, Dr. Folorunsho represented to Liberty Mutual that the Photographs were of damages to the Vehicle that occurred during the period of time Mr. Morris had possession of the Vehicle.

30. During the Legend Auto Trial, Dr. Folorunsho, as a representative of Legend Auto, represented to Liberty Mutual and to the General Sessions Court that the Photographs were of damages to the Vehicle that occurred during the period of time Mr. Morris had possession of the Vehicle.

31. Dr. Folorunsho's representations, both before and during the Legend Auto Trial, that the Photographs were of damages to the Vehicle that occurred during the period of time Mr. Morris had possession of the Vehicle were false when he made them, because the Photographs were taken prior to the time Mr. Morris took possession of the Vehicle, as is made clear in Exhibit 7.

32. Whether the Photographs show damage to the Vehicle that occurred during the period of time Mr. Morris was in possession of the Vehicle is a material fact, because Legend Auto claims to be entitled to insurance proceeds based upon the Photographs.

33. At the time Dr. Folorunsho made his intentional misrepresentations, both he and Legend Auto knew the Photographs were not of damages that occurred while Mr. Morris was in possession of the Vehicle.

34. Liberty Mutual did not know Dr. Folorunsho's representations were false when he made them.

35. Liberty Mutual (and the General Sessions Court) justifiably relied on Dr. Folorunsho's representations.

36. Liberty Mutual sustained damages sue to Dr. Folorunsho's material testimonial and extra-testimonial misrepresentations, both through the adverse judgment in the Legend Auto Trial, by incurring attorneys' fees related to the Legend Auto Trial, and in brining this Appeal and Counterclaim.

**Count II – Fraud – Legend Auto Sales, LLC, and Dr. Femi Folorunsho**

37. Liberty Mutual incorporates the preceding Paragraphs as if fully set forth herein.

38. Prior to the Legend Auto Trial, Dr. Folorunsho represented to Liberty Mutual that the Photographs were of damages to the Vehicle that occurred during the period of time Mr. Morris had possession of the Vehicle.

39. Dr. Folorunsho's representations, both before and during the Legend Auto Trial, as a

6

representative of Legend Auto, were that the Photographs were of damages to the Vehicle that occurred during the period of time Mr. Morris had possession of the Vehicle.

40. Dr. Folorunsho's representations, both before and during the Legend Auto Trial, that the Photographs were of damage to the Vehicle that occurred during the period of time Mr. Morris had possession of the Vehicle were false when he made them because the Photographs were taken prior to the time Mr. Morris took possession of the Vehicle.

41. Whether or not the Photographs show damage to the Vehicle that occurred during the period of time Mr. Morris was in possession of the Vehicle is a material fact, because Legend Auto's claim to insurance proceeds was based upon the Photographs.

42. At the time Dr. Folorunsho made his intentional misrepresentations, both he and Legend Auto knew the Photographs were not of damage that occurred while Mr. Morris was in possession of the Vehicle.

43. Liberty Mutual did not know Dr. Folorunsho's representations were false when he made them.

44. Liberty Mutual (and the General Sessions Court) justifiably relied on Dr. Folorunsho's representation.

45. Liberty Mutual sustained damages due to Dr. Folorunsho's material testimonial and extra-testimonial misrepresentations, both through the adverse judgment in the Legend Auto Trial, by incurring attorneys' fees related to the Legend Auto Trial, and in brining this Appeal and Counterclaim.

**Count III – Violation of T.C.A § 56-7-106 – Legend Auto Sales, LLC**

46. Liberty Mutual incorporates the preceding Paragraphs as if fully set forth herein.

47. Legend Auto brought the underlying lawsuit and filed the Complaint against Liberty Mutual in bad faith.

48. Dr. Folorunsho, Legend Auto's representative, made material misstatements knowingly and with the intent to deceive and defraud Liberty Mutual.

49. Liberty Mutual has suffered damages as a result of Legend Auto's bad faith.

50. Liberty Mutual is entitled to recover a bad faith penalty of 25% of the losses claimed by Legend Auto pursuant to T.C.A. § 56-7-106.

**Count IV – Breach of Contract – Legend Auto Sales, LLC**

51. A valid contract existed between Liberty Mutual and Legend Auto by virtue of the Endorsement.

52. Legend Auto had an implied duty not to submit fraudulent claims in connection with the Policy and/or the Endorsement and an implied duty of good faith and fair dealing.

53. Legend Auto breached the contract by submitting the fraudulent Claim and filing the Complaint.

54. Liberty Mutual has suffered damages as a result of Legend Auto's breach.

**Count V – Punitive Damages – Legend Auto Sales, LLC, and Dr. Femi Folorunsho**

55. Liberty Mutual incorporates the preceding Paragraphs as if fully set forth herein.

56. Legend Auto's conduct as alleged herein was intentional, knowing, reckless, and malicious.

57. Dr. Folorunsho's conduct as alleged herein was intentional, knowing, reckless, and malicious.

58. The conduct of Legend Auto and Dr. Folorunsho caused damages to Liberty Mutual.

59. Liberty Mutual is entitled to an award of punitive damages from Legend Auto as a result of Legend Auto's intentional, knowing, reckless and malicious conduct and breach of contract.

60. Liberty Mutual is entitled to an award of punitive damages from Dr. Folorunsho as a result of his intentional, knowing, reckless and malicious conduct.

### Count VI – Declaratory Judgment – Legend Auto Sales, LLC

61. Liberty Mutual incorporates the preceding Paragraphs as if fully set forth herein.

62. As a cause of action and ground for relief, Liberty Mutual alleges that it is entitled to a declaratory judgment that Legend Auto had no cause of action for denial of insurance coverage in bad faith, that Legend Auto sustained no loss under the Policy, that Liberty Mutual is therefore not liable to Legend Auto for damages, and that the judgment of the General Sessions Court is reversed or otherwise set aside.

63. Legend Auto is a "person" as defined under T.C.A. § 29-14-101.

64. There exists a substantial controversy of sufficient immediacy to warrant declaratory judgment.

65. Legend Auto prevailed at the Legend Auto Trial based upon the Photographs, which constitute falsified proof of damage to the Vehicle.

66. Dr. Folorunsho, as a representative of Legend Auto, lied prior to trial and later, at trial, under oath, about the subject matter of the Photographs, thereby tainting the proceedings below and leading the General Sessions Court to erroneous conclusion that Legend Auto had established damages sufficient to support its claim.

67. Liberty Mutual is therefore entitled to a declaratory judgment that is not liable to Legend Auto for the claims asserted in the Complaint.

### County VII – Declaratory Judgment – Dr. Folorunsho

68. Liberty Mutual incorporates the preceding Paragraphs as if fully set forth herein.

69. As a cause of action and ground for relief, Liberty Mutual alleges that it is entitled to a declaratory judgment that Dr. Folorunsho testified falsely and made material misrepresentations as to the nature of the Photographs.

70. Dr. Folorunsho is a "person: as defined under T.C.A. § 29-14-101.

71. There exists a substantial controversy of sufficient immediacy to warrant declaratory judgment.

72. Legend Auto prevailed at the Legend Auto Trial based upon Dr. Folorunsho's false testimony, which constitutes falsified proof of damage to the Vehicle.

73. Dr. Folorunsho lied prior to the trial and later, at trial, under oath, about the subject matter of the Photographs, thereby tainting the proceedings below and leading the General Sessions Court to erroneous conclusion that Legend Auto had established damages sufficient to support its claim.

74. Liberty Mutual is therefore entitled to a declaratory judgment that it is not liable to Legend Auto for the claims asserted in the Legend Auto Lawsuit and that Dr. Folorunsho proffered false testimony and otherwise perjured himself by lying under oath at the Legend Auto Trial.

### Count VIII – Abuse of Process – Legend Auto Sales, LLC and Dr. Femi Folorunsho

75. Legend Auto and Dr. Folorunsho had an ulterior motive at the time they filed the Complaint.

76. Legend Auto and Dr. Folorunsho knowingly and intentionally proffered false testimony with the intent of defrauding Liberty Mutual.

77. Legend Auto and Dr. Folorunsho's acts of proffering testimony they knew to be false constitutes an act that would not be proper in the regular prosecution of its claims against Liberty Mutual in the Complaint.

78. Liberty Mutual has suffered damages as a result of Legend Auto's abuse of the judicial process.

**Prayer for Relief**

WHEREFORE, Liberty Mutual prays for the following relief:

a. That the Court reverse, set aside, or otherwise strike the decision of the General Sessions Court in this case;

b. That the Court enter judgment in favor of Liberty Mutual and against Legend Auto Sales, LLC, and Dr. Femi Folorunsho, as alleged in Count I, in an amount to be determined at trial;

c. That the Court enter judgment in favor of Liberty Mutual and against Legend Auto Sales, LLC, and Dr. Femi Folorunsho, as alleged in Count II, in an amount to be determined at trial;

d. That the Court enter judgment in favor of Liberty Mutual as against Legend Auto Sales, LLC as alleged in Count III, in the amount of 25% of the damages Legend Auto requests in its Complaint;

e. That the Court enter judgment in favor of Liberty Mutual against Legend Auto Sales, LLC, as alleged in Count IV, in an amount to be determined at trial;

f. That the Court enter judgment in favor of Liberty Mutual against Legend Auto Sales, LLC, and Dr. Femi Folorunsho, as alleged in County V, in an amount to be determined at trial;

g. That the Court enter a declaratory judgment, as alleged in Count VI, that Legend Auto Sales, LLC, had no cause of action for denial of insurance coverage in bad faith, that Legend Auto sustained no loss under the Policy, that Liberty Mutual is therefore not liable to Legend Auto for damages, and that the judgment of the General Sessions Court is reversed or otherwise set aside;

h. That the Court enter a declaratory judgment, as alleged in Count VII, that Dr. Folorunsho proffered false testimony, lied under oath, and otherwise perjured himself at the Legend Auto Trial;

i. That the Court enter judgment in favor of Liberty Mutual against Legend Auto Sales, LLC, and Dr. Folorunsho, as alleged in Count VIII, in an amount to be determined at trial;

j. That the Court find that Dr. Folorunsho perjured himself during the Legend Auto Trial and issue such sanctions, fines and/or penalties in an amount to be determined by the Court;

k. That the Court find Dr. Folorunsho in contempt for his conduct during the Legend Auto Trail and issue such sanctions, fines and/or penalties as the Court deems appropriate; and

l. That the Court grant such other and further relief to which Liberty Mutual is entitled.

28. The Counterclaim seeks compensatory damages, a statutory penalty, and punitive

damages from Legend and Dr. Folorunsho resulting from alleged intentional misrepresentation, fraud, breach of contract, abuse of process, and violations of the T.C.A. §56-7-106.

29. The Counterclaim also seeks declaratory judgment as to Liberty Mutual's obligations under its policy as to Legend and Dr. Folorunsho.

30. The Counterclaim also seeks a determination that Dr. Folorunsho perjured himself during the General Sessions trial, and that he be found in contempt and assessed sanctions, fines, and/or penalties for his conduct.

31. After being provided the Counterclaim in the Circuit Court case, Dr. Folorunsho and Legend submitted the Counterclaim to Southern Pioneer seeking defense and indemnification for the claims against them pursuant to the terms and conditions of the Policy.

32. Southern Pioneer has denied any obligation to defend or indemnify either Dr. Folorunsho or Legend under the terms and conditions of the Policy issued to Legend Auto Sales, LLC.

33. Dr. Folorunsho and Legend have demanded Southern Pioneer provide defense or face litigation for bad faith refusal to defend.

34. The liability limit on the Policy is $300,000.00.

35. There is no limit to the costs which may be incurred by Southern Pioneer in defense of any suit falling within the coverage afforded by the Policy.

36. Southern Pioneer estimates its potential liability under the Policy for indemnity and defense of Legend and Dr. Folorunsho to be in excess of $75,000.00 in the event coverage is afforded under the Policy and a judgment is rendered in favor of Liberty Mutual as to

all claims in the Circuit Court Counterclaim.

37. There is a material question as to whether the Policy issued by Southern Pioneer provides coverage to Legend Auto Sales, LLC or Dr. Femi Folorunsho for the claims made against them in the Counterclaim, or whether there is any duty to defend either of them in the Counterclaim filed by Liberty Mutual or to indemnify them from any judgment which may be rendered against them as a result.

38. The Policy provides the following, in pertinent part[2]:

**GARAGE POLICY AND COVERAGE ALLEGATIONS**

**AUTO DEALER DECLARATIONS**

| ITEM ONE | |
|---|---|
| Named Insured  Legend Auto Sales LLC<br>DBA Name<br>Address 1         3251 Jackson Ave<br>City, State, Zip   Memphis, TN 38122 | Agent              Clay and Land Insurance, Inc.<br>Phone             (901) 767-3600<br>Policy Number  CP00004138<br>Effective Dates  10/30/2015 to 10/03/2016 12:01 AM Standard at the location address(es) listed on Item 3 |

| ITEM TWO<br><br>Coverages | Coverages<br>Symbols shown below describe coverage(s) for covered autos under the Garage Liability Coverage Form – Refer to Policy for description of Covered Auto Designation Symbols | Limit of Insurance | | Premium |
|---|---|---|---|---|
| Liability | 33 | Each "accident "Garage Operations | | $2,191.00 |
| | | "Auto" only | $300,000 | |
| | | Other than "auto" only | $300,000 | |
| | | Aggregate "Garage Operations"<br>Other than "auto" only | $900,000 | |
| Personal injury Protection (PIP) (or equivalent no-fault insurance) | | Separately Stated In Each PIP Endorsement | | |
| Medical Payments | | No Coverage | Auto And Premises Operations | |
| Uninsured Motorist | 34 | Bodily Injury & Property Damage: $100,000 | | $84.00 |
| Underinsured Motorist | | | | |
| Garagekeepers Comprehensive | | Separately Stated for Each Location in Item Six | | |
| Garagekeepers Collision | | Separately Stated for Each Location in Item Six | | |

---

[2] *See* Policy, attached as Exhibit "A", for complete terms and conditions.

| Physical Damage Comprehensive | 34 | **$1,000 Deductible** **For Each Covered Auto Deductible Applies To Loss Caused for All Perils** See Item Seven for Dealers Autos | $943.00 |
|---|---|---|---|
| Physical Damage Collision | 34 | **$1,000 Deductible** **For Each Covered Auto** See Item Seven for Dealers Autos | $506.00 |
| IMPORTANT: Coverage is granted only where a premium is shown. Each of these coverages will apply only to those autos shown as covered autos. Autos are shown as covered autos for a particular coverage by the entry if one or more of the symbols from Policy next to the name of coverage. Entry of a symbol next to liability provides coverage for Garage Operations. ***To Report a Claim Please Call 1(800)-898-7580*** | | Additional Coverages (see Page 2) Total Premium Fees Total Premium + Fees (Total Amount Due) | $25.00 $3,749.00 $50.00 $3,799.00 |

**COMMERCIAL AUTO**
**CA 00 05 03 10**

**GARAGE COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI - Definitions.

**SECTION** I - **COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

...

**SECTION** II - **LIABILITY COVERAGE**

**A.**     **Coverage**

   1.     **"Garage Operations" – Other Than Covered "Autos"**

      a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

      We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the

        applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

  **b.**  This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**  The "accident" occurs in the coverage territory;

    **(2)**  The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)**  Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

  **c.**  "Bodily injury" or "property damage", which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

  **d.**  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

    **(1)**  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)**  Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)**  Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2. "Garage Operations" - Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

13

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance - "Garage Operations" - Covered "Autos" has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**
   **a.** The following are "insureds" for covered "autos":

      **(1)** You for any covered "auto".

      **(2)** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

…

   **b.** The following are "insureds" for "garage operations" other than covered "autos":

      **(1)** You.
      **(2)** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

…

**B.   Exclusions**

This insurance does not apply to any of the following:

**2. Contractual**
Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence

14

of the contract or agreement.

…

**SECTION VI – DEFINITIONS**

A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B. "Auto" means a land motor vehicle, "trailer" or semitrailer.

C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

…

H. "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this coverage form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

I. "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the  coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or suit" is brought.

…

O. "Property damage" means damage to or loss of use of tangible property.

P. "Suit" means a civil proceeding in which:

1. Damages because of "bodily injury" or "property damage"; or

…

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**SOUTHERN PIONEER PROPERTY**
& **CASUAL TY INSURANCE COMPANY**
**TENNESSEE GARAGE COVERAGE FORM CHANGES**

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**Please Read**

YOUR INSURANCE POLICY CONSISTS OF THE DECLARATIONS PAGES, SUPPLEMENTARY SCHEDULE, THE GARAGE COVERAGE FORM, AND THE ENDORSEMENTS TO THE GARAGE COVERAGE FORM. VARIOUS PROVISIONS IN THE POLICY RESTRICT COVERAGE. PLEASE READ THE ENTIRE POLICY CAREFULLY.

15

In reliance upon your statements and representations in the application and in the endorsements and upon your payment of the full and final premiums, and subject to all the terms and conditions of the policy, we agree that the policy provides the various kinds of insurance you have selected as shown on the Declarations page and in the policy. This insurance applies only to accidents and losses which occur while the policy is in force.

**SECTION VI - DEFINITIONS, B**. the definition of "Auto" is hereby deleted and replaced with the following:

**B.** "Auto" means a land motor vehicle with four or more wheels, which is designated for use mainly on public roads. "Auto" also includes "trailers" with a maximum hauling capacity of two cars or light trucks, or less, or any other "trailer" listed on the Declarations page.

The following additional symbols are added to **SECTION I - COVERED AUTOS, A. Description of Covered Auto Designation Symbols**

| Symbol | Description of Covered Auto Designation Symbols |
|---|---|
| 32 | Premises and operations medical payments only. |
| 33 | Any "auto" except for tow trucks, wreckers, car haulers, car carriers, or haulaways. |
| 34 | Any "auto" you own, but not including tow trucks, wreckers, car haulers, car carriers, or haulaways, and also not including any "auto" used primarily for towing or transporting other "autos" or vehicles. |

…

The following is added to **SECTION** II - **LIABILITY COVERAGE, A. Coverage, 3. Who Is An Insured, a., (2)**:

**(f)** Any member of your or any partner's (if you are a partnership) or any member's (if you are a limited liability company) household, unless that individual has been listed in the Declarations as a Driver.

…

The following is added to **SECTION II- LIABILITY COVERAGE, B. Exclusions:**

**18.** "Bodily injury", "property damage" or any other damages caused or alleged to be caused by or ari out of the handling or use of or the existence of any condition in or a warranty of any goods or products manufactured, sold, handled, or distributed by any insured.

**19.** "Bodily injury", "property damage", or any other damages if caused by or resulting from your providing or failing to provide warnings or instructions, or your failure to meet the quality warranted or the level of performance represented.

**20.** Punitive and/or exemplary damages. Punitive or exemplary damages are damages imposed to punish wrongdoers and to deter others from similar conduct. This also includes multiplicative damages and any other legal basis that requires proof of the same standard of conduct necessary to support an award of punitive damages under the law of the state where they are awarded.

…

**25.** This policy covers only your "garage operations" at locations identified as part of your insurance policy. All other businesses owned and operated by you are excluded. "Garage Operations" does not include any car rental or leasing activities at any business you may own or operate.

...

39. The Policy only provides liability coverage for an "accident."

40. The claims made in the Counterclaim are for intentional conduct and do not constitute an

16

"accident".

41. The Policy only provides liability coverage for "bodily injury" or "property damage".

42. The claims made in the Counterclaim do not constitute a "bodily injury" or "property damage" as defined in the Policy.

43. The Counterclaim alleges an entitlement to punitive damages.

44. The Policy specifically excludes coverage for punitive damages.

45. The claims in the Counterclaim arise as a result of a representation by Dr. Folorunsho as to the condition of the Vehicle.

46. The Policy specifically excludes coverage for "bodily injury" or "property damage" which may arise as a result of a representation by the insured as to a condition or warranty.

47. There are substantial material issues which exist as to the coverage to be afforded to Legend Auto Sales, LLC and Dr. Femi Folorunsho for the claims by Liberty Mutual General Insurance Company which require determination by this Court.

48. Southern Pioneer asserts that no coverage is provided by the Policy for the claims in the Counterclaim against Legend or Dr. Folorunsho.

49. Southern Pioneer specifically asks this Court to determine, consistent with the positive law of Tennessee that under the terms, conditions and exclusions of the Garage Policy that there is no coverage for the claims asserted by Liberty Mutual in the Counterclaim against Legend or Dr. Folorunsho, and no obligation on the part of Southern Pioneer to defend or indemnify either Legend or Dr. Folorunsho in any way related to the claims made.

50. The adjudication of all rights of all parties hereto is necessary to avoid inconsistent, costly and duplicative rulings concerning these issues.

51. For these reasons and for such other reasons which may be learned in discovery herein, Southern Pioneer seeks this Court's determination that there is no duty to defend or indemnify Legend Auto Sales, LLC, Dr. Femi Folorunsho, or any other insureds under the Policy for the claims made by Liberty Mutual in the Circuit Court Counterclaim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Southern Pioneer, respectfully requests that this Court enter its order declaring Southern Pioneer's rights and duties under the contract of insurance issued to Legend Auto Sales, LLC, as outlined herein. Southern Pioneer further requests such other general or special relief to which it may be entitled including its costs, expenses and attorneys fees incurred in connection with this action and pre-judgment and post-judgment interest on all amounts, if applicable.

**RESPECTFULLY SUBMITTED,** this the 29th day of September, 2016.

**WEBB SANDERS & WILLIAMS PLLC**
**363 NORTH BROADWAY**
**POST OFFICE BOX 496**
**TUPELO, MISSISSIPPI 38802**
**(662) 844-2137 (Telephone)**
**(662) 842-3863 (Facsimile)**
**ROECHELLE R. MORGAN, TSB # 29715**
**rmorgan@webbsanders.com**

BY: */s/ Roechelle R. Morgan*
**ROECHELLE R. MORGAN**